IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


MARIA CARDENAS,            )
                                  )
           Plaintiff,       )
                                  )
      v.                    )       No. 05 C 6462
                                  )
ARAMARK FACILITY SERVICES, INC.,       )
LOCAL 1, SERVICE EMPLOYEES       )
INTERNATIONAL UNION, JOHN       )
VON KERENS, DAN LONNGREN,       )
AMANDA KOWYNIA, DAVE WIGSMOEN,       )
and CHARLES JONES,       )
                                  )
           Defendants.       )



## MEMORANDUM OPINION AND ORDER


In her Second Amended Complaint, plaintiff Maria Cardenas
alleges she is a Hispanic female born in Mexico. Plaintiff
alleges she was discharged from her position with defendant
Aramark Facility Services, Inc., which had employed her as a
housekeeper at McCormick Place, a convention facility in Chicago.
While employed, plaintiff was a member of defendant Local 1
Service Employees' International Union ("SEIU"). Also named as
defendants are Aramark managers John Von Kerens, Dan Lonngren,
and Amanda Kowynia; SEIU union steward Dave Wigsmoen; and SEIU

union representative Charles Jones. Wigsmoen and Jones have moved to dismiss the claims against them. All other defendants have answered the Second Amended Complaint.

On a Rule 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations of fact are taken as true and all reasonable inferences are drawn in the plaintiff's favor. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); Dixon v. Page, 291 F.3d 485, 486 (7th Cir. 2002); Stachon v. United Consumers Club, Inc., 229 F.3d 673, 675 (7th Cir. 2000). A complaint need not set forth all relevant facts or recite the law; all that is required is a short and plain statement showing that the party is entitled to relief. Fed. R. Civ. P. 8(a)(2); Boim v. Quranic Literacy Institute, 291 F.3d 1000, 1008 (7th Cir. 2002); Anderson v. Simon, 217 F.3d 472, 474 (7th Cir. 2000), cert. denied, 531 U.S. 1073 (2001); Scott v. City of Chicago, 195 F.3d 950, 951 (7th Cir. 1999). A plaintiff in a suit in federal court need not plead facts; conclusions may be pleaded as long as the defendants have at least minimal notice of the claim. Fed. R. Civ. P. 8(a)(2); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Scott, 195 F.3d at 951; Albiero v. City of Kankakee, 122 F.3d 417, 419 (7th Cir. 1997); Jackson v. Marion County, 66 F.3d 151, 153-54 (7th Cir. 1995). As to the state of mind of

a defendant, it is sufficient to generally allege, even in a conclusory manner, the defendant's state of mind. Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other condition of mind of a person may be averred generally."); Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002); Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998); Triad Associates, Inc. v. Robinson, 10 F.3d 492, 497 (7th Cir. 1993); Remus v. Sheahan, 2006 WL 418654 *6 (N.D. Ill. Feb. 16, 2006).

Plaintiff alleges that she, and an Aramark employee who is an African-American woman, were waiting to be picked up after work. While waiting, they accepted leftover food and drinks from an exhibitor. A security employee thereafter stopped them and instructed that they were not allowed to accept such items. Both women were members of SEIU and were represented by SEIU at subsequent meetings with their employer. Each had a separate initial meeting and each woman was discharged following the initial meeting. Wigsmoen represented plaintiff at her meeting. A grievance was filed on behalf of the other woman and her discharge was subsequently reduced to a suspension. Although Jones met with plaintiff and indicated he would file a grievance, no grievance was ever filed on plaintiff's behalf and plaintiff remained discharged. It is further alleged that Wigsmoen, Jones, and the other defendants "discriminated against Plaintiff Maria

- 3 -

Cardenas treating her differently and less favorably on the basis of her race and national origin." 2d Am. Compl. ¶ 44. It is alleged that Wigsmoen and the Aramark defendants "refused to reinstate" plaintiff while reinstating the other woman who was similarly situated and non-Hispanic. Id. ¶ 45. Additionally, it is alleged that Wigsmoen, Jones, and SEIU "refused to vigorously grieve Ms. Cardenas's termination, while they vigorously grieved a similarly situated, non-Hispanic employee's termination." Id. ¶ 46.

The Second Amended Complaint contains four counts. Count I is labeled as "race and national origin discrimination by defendants under 42 U.S.C. § 2000e-2 [Title VII]." Paragraph 8[2][1] of the Second Amended Complaint expressly states that Count I is against Aramark and SEIU. See also 2d Am. Compl. ¶ 37. It is not against any of the individual defendants. Count II is denominated as "race and national origin discrimination by defendants under 42 U.S.C. § 1981." All defendants are named in this count. See 2d Am. Compl. ¶¶ 9, 44. Count III is denominated "defendant SEIU's breach of federal common law duty of fair representation by defendant SEIU." This claim is against SEIU only. See 2d Am. Compl. ¶¶ 11, 52, &

---

[1]There are two paragraphs numbered "8." This reference is to the second of those two paragraphs.

Count III title and prayer. Count IV is denominated "defendants'
violation of section 301 of the Labor Management Relations Act
(LMRA), 29 U.S.C. § 185." Count IV is against Aramark and SEIU.
2d Am. Compl. ¶ 12.[2]

Wigsmoen's and Jones' first contention is that the
Title VII claim cannot be brought against them because they are
not employers who may be sued under Title VII. The Second
Amended Complaint, however, is clear that they are not named as
defendants in Count I and plaintiff concedes that she has not
named them in Count I. This aspect of the motion is pointless.

As to Count II, Wigsmoen and Jones contend that their
personal involvement has not been sufficiently alleged because it
is not expressly alleged that they made the decision not to
pursue a grievance. It is alleged that Wigsmoen and Jones failed
to vigorously pursue a grievance on plaintiff's behalf because
she is Hispanic. That is a sufficient allegation of their
personal involvement. Cf. Bennett, 153 F.3d at 518 (as to racial
discrimination, "'I was turned down for a job because of my race'
is all a complaint has to say").

Wigsmoen's and Jones' last contention is that the § 1981
claim contained in Count II cannot be based on national origin

---

[2]The prayer for relief, however, mentions only SEIU.

- 5 -

discrimination. It is unclear whether defendants simply contend that the Count II references to "national origin" should be stricken leaving the references to race, or if they are contending that Count II should be dismissed in its entirety because Hispanic is a national origin category, not a racial category. Defendants' brief arguments (perhaps more accurately characterized as assertions) are not clear on this point. Neither of the cases that defendants cite[3] address the question of whether discrimination against Hispanics in general or persons born in Mexico constitute racial discrimination so it may just be the former contention that defendants are raising.

It is true that § 1981 is limited to racial discrimination. <u>Pourghoraishi v. Flying J, Inc.</u>, ___ F.3d ___, 2006 WL 1028685 *3 (7th Cir. April 20, 2006). However, race discrimination under § 1981 has been defined as including intentional discrimination based on ancestry or ethnic characteristics and the distinction between race and national origin discrimination is not a bright one. <u>Id.</u> (citing <u>Saint Francis College v. Al-Khazraji</u>, 481 U.S. 604, 609-18 (1987)).

---

[3]Defendants cite <u>Mehta v. Des Plaines Development Ltd.</u>, 122 Fed. App'x 276 (7th Cir. Jan. 13, 2005), (which, being an unpublished decision, should not have been relied upon, <u>see</u> 7th Cir. R. 53(b)(2)(iv)), and <u>Bennett v. Smith</u>, 2000 WL 336534 (N.D. Ill. March 28, 2000).

The Supreme Court has instructed that the distinction is to be based on what was considered to be non-White at the time § 1981 was passed in 1866. See id. As noted by the Seventh Circuit, that included many groups now considered White such as Germans, Greeks, Swedes, Hungarians, and Finns. Id. Al-Khazraji holds that it includes Arabs and Pourghoraishi holds that it includes Iranians. "[T]he concept of race under § 1981 is broad, extending to matters of ancestry which are normally associated with nationality." Pourghoraishi, ___ F.3d at ___, 2006 WL 1028685 at *3 (citing Daemi v. Church's Fried Chicken, Inc., 931 F.2d 1379, 1387 n.7 (10th Cir. 1991)). The Seventh Circuit has not addressed whether Hispanics generally or a person born in Mexico should be considered a racial category under § 1981. A number of courts, however, have held such persons may bring claims under § 1981. See, e.g., Aramburu v. Boeing Co., 112 F.3d 1398, 1411 n.10 (10th Cir. 1997); Hawkins v. Groot Industries, Inc., 210 F.R.D. 226, 230 n.2 (N.D. Ill. 2002); Windle v. John Morrell & Co., 2003 WL 356097 *2-3 (N.D. Iowa Feb. 17, 2003) (collecting cases). Count II will not be dismissed, but it will be understood to be based on racial discrimination.

    IT IS THEREFORE ORDERED that defendants' motion to dismiss [16] is denied. Within two weeks, defendants Wigsmoen and Jones shall answer the Second Amended Complaint. All

discovery is to be completed by September 1, 2006.  A status
hearing will be held on May 31, 2006 at 11:00 a.m.

ENTER:

William T Hart
UNITED STATES DISTRICT JUDGE

DATED:  MAY  //   , 2006